# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MILDRED LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-491 (MTT) |
| | ) |
| AUTO OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

WHEREAS, documents, things, and information may be furnished or disclosed in this action that contain or constitute trade secret, proprietary or other confidential proprietary research, development, marketing or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall apply to and shall govern the formal and informal production and exchange of all documents, tangible things or information subject to discovery in this action that are in possession, custody, or control of a party, or of a non-party, as well as to answers to interrogatories, depositions, responses to requests for admissions, exhibits, transcripts, all other discovery taken pursuant to the Federal Rules of Civil Procedure, pleadings, and testimony adduced at hearings or trial.

2. Any party or non-party may designate as "CONFIDENTIAL" any document, tangible thing or information, or any part thereof, that contains, reflects or discloses any trade secret, proprietary or other confidential information of that party or non-party, regardless of form, including, but not limited to, confidential research, development, commercial, or business information, which such party or non-party reasonably and in good faith believes contains, reflects or discloses competitively sensitive or proprietary information, trade secrets, or information subject to privacy rights of an individual. The "CONFIDENTIAL" designation extends to both the documents, tangible things or information so designated and to the substance of the information so designated and excerpts, studies, compilations or similar documents containing or compiled from said information. Documents, tangible things or information so designated are hereinafter collectively referred to as "Confidential Information."

3. Confidential Information shall not include any information that is or was public knowledge, or subsequently becomes public knowledge, through no violation of this Protective Order. Confidential Information also does not include documents, tangible things or information that are already in the receiving party's possession where such are (i) received without restriction, (ii) received without violation of any confidentiality or non-disclosure agreement in effect at the time the same were transmitted, or (iii) are otherwise available to the general public.

4. Confidential Information may be designated as "CONFIDENTIAL" in the following manner:

    a. By prominently imprinting on each page of the document or the first

page of a voluminous document, identifying the entire document as confidential, and on a prominent place on each tangible thing which the producing party wishes to designate as confidential, the word "CONFIDENTIAL";

b. By prominently imprinting the word "CONFIDENTIAL" next to or above any response to an interrogatory, request for admission or other discovery requests;

c. By prominently imprinting the word "CONFIDENTIAL" upon any responses, affidavits, briefs, memoranda or other papers filed with the Court in this action; and

d. With respect to depositions, a party or non-party may designate testimony or information disclosed during a deposition as "CONFIDENTIAL" by indicating on the record at the deposition the testimony that contains Confidential Information and which is to be made subject to the provisions of this Protective Order.

e. If any portion of a videotaped deposition is designated "CONFIDENTIAL," the videocassette, videotape, CD-ROM, DVD- ROM, or other storage container shall be labeled "CONFIDENTIAL."

f. In addition to making the designation at the time of deposition, any party or non-party also may designate the deposition transcript as "CONFIDENTIAL" by notifying counsel of record and the court reporter in writing within thirty (30) days after receipt of the transcript of those portions of the transcript to be so designated. If no such

designation is made either at the time of a deposition or by the expiration of said thirty (30) day period, the entire transcript shall be deemed non-confidential.

5. Nothing in this Protective Order, nor any failure by any party to challenge a designation by another party or non-party of any documents, tangible things or information as Confidential Information, shall be construed as an admission or agreement that any specific documents, tangible things or information is or is not Confidential Information, or is or is not subject to discovery, or is or is not admissible in evidence.

6. Except with the prior written consent of the producing party or non-party or upon prior order of the Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Protective Order.

7. Confidential Information and any summary, description, analysis or report containing such Confidential Information, shall not be used, discussed, revealed or disclosed by the receiving party, except as otherwise herein may be allowed, in any manner or form to any person other than the following "Permitted Recipients":

    a. Counsel of record for each party, and members, associates, or employees of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or settlement of this action;

    b. Inside counsel and paralegals, secretaries and staff of the parties assigned to assist in the prosecution, defense or settlement of this

action;

c. The parties' experts and consultants and the secretarial and clerical staffs of such experts and consultants (hereinafter "experts"), upon the condition that the experts, for themselves and their staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

d. The officers, directors, managing agents, and employees of the parties;

e. A witness at any deposition or other proceeding in this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts this Paragraph, the disclosing party has a good faith basis to discuss or reveal the Confidential Information to the witness for the sole purpose of prosecuting, defending, and/or appealing this action and provided that such witness has agreed in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

f. The Court, persons employed by the Court, jurors and prospective jurors in this action, appellate courts, and appellate court personnel performing judicial functions related to this case;

g. Any court reporter, typist or videographer recording or transcribing testimony or argument in this action;

h. Clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or

graphics personnel, retained to assist a party or its counsel;

8. Each party who obtains an executed copy of Exhibit A hereto from any person or entity to whom Confidential Information is or may be disclosed shall be under an affirmative obligation to preserve and maintain such Exhibit A.

9. Except as agreed in writing by the designating party, information designated as "CONFIDENTIAL" shall be maintained in confidence, and in a secure and safe area, by the Permitted Recipient(s) to whom it is disclosed; may be used by such Permitted Recipient(s) only for the purpose of this litigation and for no other purpose; and may be disclosed by such Permitted Recipient(s) only to another Permitted Recipient in accordance with this Protective Order. All Permitted Recipients shall exercise due and proper care with respect to the storage, custody and use of all information so designated.

10. The Clerk of the Court is directed to maintain under seal all documents, tangible objects, transcripts and other materials filed with this Court in this action by any party or nonparty which are, in whole or in part, designated as Confidential Information, including all pleadings, deposition, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The party or non-party filing such material shall file with the Clerk of the Court in a sealed envelope or other appropriate sealed container prominently marked with the legend "CONFIDENTIAL," the caption of the case and the notation:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN CASE NO. 5:17-cv-00491-MTT. This envelope is not to be opened nor are the contents thereof to be displayed or revealed except: (1) to the Court and then resealed; (2) by written agreement of the parties; or (3) by prior Order of this Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers identically marked to assure that the same is brought promptly to the Court's attention.

11. Any party may at any time request in writing from any other party or non-party that the "CONFIDENTIAL" designation be removed in its entirety or only with respect to disclosure to an identified person or persons. Upon receipt of such request, the parties and/or non-parties shall confer in good faith as to the status of the subject documents, tangible things or information and its disclosure. If the parties are unable to agree, the party seeking disclosure may move the Court for an Order permitting disclosure and the burden to sustain the "CONFIDENTIAL" designation shall be on the designating party.

12. Any such party that moves the Court for an Order permitting disclosure of Confidential Information shall have first complied with the procedure set forth in the foregoing Paragraph.

13. The parties understand that law enforcement, upon a proper showing in Court, may obtain an order for the release of documents or testimony marked and/or designated as Confidential and subject to this Protective Order.

14. The failure of any party or non-party to designate any document, tangible thing or information as CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality, either as to the specific document, tangible thing or information disclosed or as to the subject matter thereof. Any document, tangible thing or information not designated as "CONFIDENTIAL" at the time of its disclosure may later be designated

"CONFIDENTIAL" by the disclosing party or non-party as soon as reasonably possible after the disclosing party or non-party becomes aware of its failure to so designate the document, tangible thing or information by notifying all recipients in writing of the CONFIDENTIAL designation, and thereafter all recipients shall treat the subsequently designated document, tangible thing, information or other material as Confidential Information in accordance with the terms of this Order to the extent that such document, tangible thing, information or other material has not been made public.

15. This Protective Order applies to the treatment of Confidential Information during pre-trial proceedings, trial proceedings, and post-trial proceedings. The provisions of this Protective Order shall survive the termination or conclusion of this action. The provisions of this Protective Order shall survive the termination or conclusion of this action.

16. Within 120 days after final conclusion of all aspects of this action, including all appeals, all Confidential Information and all copies of same (other than exhibits of record) shall be returned to the designating party or non-party or destroyed, unless the designating party or non-party agrees in writing to some other disposition. Each party shall confirm in writing that all documents have been returned to the designated party or non-party or destroyed and that no copies have been retained or remain in the possession of the non-designating party.

17. An attorney may retain Confidential information covered by this Protective order only if the Court rules post-settlement or post-trial that the attorney has the right to retain such Confidential Information covered by this Protective Order to protect the attorney from a legal malpractice claim. The Court shall tie the retention

period for the Confidential information to the statute of limitations for filing a legal malpractice claim in the Court's jurisdiction. For any documents or testimony so retained, including attorney work product and briefs, pleadings, written discovery responses, transcriptions of testimony and exhibits thereto, expert reports, evidence adduced at trial, and other court papers prepared or used in this action, the provisions of this Protective Order apply. Once the statute of limitations for a legal malpractice action has expired, counsel must return all Confidential information to counsel per the terms of the Protective Order and its attachments.

18. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

19. Any party may move the Court, after notice to the other party, to modify or grant relief from any provision of this Protective Order.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a

compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

**SO ORDERED**, this 16th day of August, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT