# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| AQUANUS DONTEL THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-230 (MTT) |
| Warden GREGORY MCLAUGHLIN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Thomas Q. Langstaff recommends that Defendants Gregory McLaughlin, Clarence Kegler, Charles Hudson, and Richard Jackson's motion to dismiss (Doc. 18) for failure to exhaust administrative remedies be granted and that Plaintiff Aquanus Dontel Thompson's complaint be dismissed. Doc. 23 at 6. Thompson has not objected to the recommendation. The Court has reviewed the recommendation and accepts the proposed findings, conclusions, and recommendations of the Magistrate Judge. The recommendation (Doc. 23) is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion to dismiss (Doc. 18) is **GRANTED**, and Thompson's complaint is **DISMISSED without prejudice.**[1]

---

[1] The applicable two-year statute of limitations may have run. Therefore, the dismissal is, in effect, likely with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Although mandatory, the exhaustion requirement is not jurisdictional. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007). Accordingly, several Circuits have held that the statute of limitations is "tolled while a prisoner completes the mandatory exhaustion process." *See Gonzalez v. Hasty*, 651 F.3d 318, 323-24 (2d Cir. 2005). The Eleventh Circuit has declined to hold that equitable

**SO ORDERED**, this 16th day of August, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

tolling applies, but it has stated that the statute of limitations may be tolled while a prisoner exhausts administrative remedies. *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)) ("We proffer, but do not hold, as that issue is not before us, that . . . the doctrine of equitable tolling, as other circuits have applied that doctrine to the administrative exhaustion requirement for prison condition suits[, may apply]."); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) ("Because the statute of limitations may have been tolled on account of [the Plaintiff]'s exhaustion of administrative remedies, it does not appear beyond a doubt from the complaint itself that Leal can prove no set of facts which would avoid a statute of limitations bar." (citation omitted)). Also, several Circuits have held that, either pursuant to state law or equitable tolling, the statute of limitations is tolled while a plaintiff's case is pending in federal court. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (allowing the plaintiff to take advantage of Arkansas's one-year savings statute after his action was dismissed for failure to exhaust); *Clifford*, 298 F.3d at 333 (holding that the limitations period is equitably tolled during pendency of federal suit); *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) (finding that the statute of limitations should be equitably tolled "during the pendency of this action"). Again, the Eleventh Circuit has not addressed the issue. But it has suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases. *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992). But even if the Plaintiff is barred from refiling this claim, dismissal is appropriate. The Plaintiff was notified of the potential effect of a motion to dismiss, his burden to oppose such a motion, and the need to supplement the record when faced with an allegation of failure to exhaust; however, the Plaintiff failed to do so. Doc. 19.. The record shows that the Plaintiff has failed to exhaust his administrative remedies as to these claims. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).